IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAINTERS & ALLIED TRADES
DISTRICT COUNCIL No. 7,

OPINION AND ORDER

Plaintiff,

13-cv-218-bbc

v.

STATZ PAINTING &
DECORATING, INC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Painters & Allied Trades District Council No. 7 filed a complaint in this case on March 29, 2013, seeking to confirm and enforce an arbitration award determined under the parties' contractually agreed-upon procedures and submitted to the Joint Trade Board for resolution. Action on this complaint has been stalled pending the completion of briefing by the parties on defendant Statz Painting & Decorating, Inc.'s motion for leave to conduct discovery before the court reviewed the validity of the Joint Trade Board's determination. The briefing has been completed and the request will be denied.

Under the law of this circuit, the process that the parties followed in this case "is not a genuine arbitration subject to the Federal Arbitration Act (FAA) and the full requirements of impartiality that apply to genuine arbitration." Merryman Excavation, Inc. v. International Union of Operating Engineers, Local 150, 639 F.3d 286, 290 (7th Cir. 2011).

1

Instead, failure to comply with an award from an entity such as the Joint Trade Board is actionable as a breach of a federal labor contract. Id. This does not mean, however, that courts may reweigh the merits of such awards. Id. (citing General Drivers, Warehousemen and Helpers, Local 89 v. Riss & Co., 372 U.S. 517, 519 (1963)). If the parties have agreed to be bound by the dispute resolution procedures contained in their bargaining agreement, as have the parties in this case, any dissenting party is barred from attacking the merits of the award unless it can show that it did not receive the procedures to which it agreed. Defendant does not contend that it did not receive the procedures it agreed. Its only allegation in this regard is that one of the board members was biased against it.

  The contract to which defendant is a signatory contains a provision for dispute resolution. The parties agreed that a Joint Trade Board would be established, with the Union appointing three members and the contractors' association appointing three; four members suffice for a quorum, so long as two are from the union and two from the association. All appointees have equal voting strength. Collective Bargaining Agmt., Art. X1, § 1, dkt. #1-2, at 8. All grievances and disputes are to be submitted to the Joint Trade Board for "final and binding resolution in accordance with" the agreement. Id. at § 2. All decisions, awards or orders of the board are final and binding. Id. at § 7. No union representative may sit as a board member in any case involving himself or herself or his or her employer and no employer representative may sit as a board member in any cases involving himself or herself or any of his or her employees. Id. at § 6. These provisions make it clear that the union and the trade association were seeking a process similar to

binding arbitration in the sense that the board's decisions would have final and binding effect under the agreement.

In the light of the contract language, defendant faces an uphill climb in seeking discovery. The whole point of confining dispute resolution to a non-judicial referee is to avoid having to go to court to enforce provisions of agreements, in this case provisions of the parties' collective bargaining agreement. For that reason, courts enforce awards from a joint board or committee in essentially the same way they enforce awards from an independent arbitrator. (The main exception is that they do not apply the full requirements of impartiality that apply to arbitration under the Federal Arbitration Act. Merryman, 639 F.3d at 290.) "[B]ecause the collective bargaining agreement establishes that any resolution of a grievance by majority vote of the joint committee 'is final and binding on all parties and individuals bound by' the agreement and not subject to appeal, we are not permitted to review the merits of the procedure or substance of the joint committee's decisions." Id. at 293.

Defendant does not contend that it is not bound by the decision of the board under the multi-employer bargaining agreement it entered into with plaintiff. However, it argues that it needs discovery "to develop the record concerning" several matters, including disputed allegations in plaintiff's complaint, memorandum and supporting witness affidavit, and its own affirmative defenses, as well as to prepare for its own anticipated dispositive motion. Given the deference that courts afford to the decisions of entities such as the Joint Trade Board that draw their authority from a collective bargaining agreement, the matters on which

defendant seeks discovery are mostly off limits in this proceeding.

Defendant does not help itself by framing its discovery request in broad, unspecific terms, such as asking for discovery of "disputed allegations in Plaintiff's complaint" without identifying what those allegations might be or explaining how an allegation in plaintiff's complaint bears on the substance of the award. It alleges the usual challenges to an arbitral award: that it fails to draw its essence from the parties' collective bargaining agreement, that the board exceed the scope of its authority under that agreement, that the award is a result of partiality against defendant, the award is repugnant to public policy and the award evidences a manifest disregard for the law. As plaintiff points out, the only one of these five challenges that might require any factual development is the claim that the award is a result of partiality against defendant. That challenge seems to rest on a statement from one union representative on the board that he was personally getting a "bad vibe" from Larry Statz during the hearing. Even assuming that this statement were sufficient in itself to demonstrate bias or support additional discovery on the issue, the board minutes state that the board agreed on defendant's violation of the agreement and voted unanimously on the penalty. From this it follows that even if one of the six board members was biased against defendant, the bias of that member would not have affected the outcome of the hearing. Merryman, 639 F.3d at 290 n.4 (standard of judicial or arbitral standard of impartiality "would be patently unsuitable for joint committee members, who are 'representatives' specifically chosen because they are ostensibly partisans of one side to a collective bargaining agreement").

Defendant also alleges that the grievance was not submitted to the board within the time limit set by the collective bargaining agreement, but does not explain why any discovery would be necessary to develop this point; why, if the allegation is true, it would invalidate the board's decision; and most important, why this court would have authority to review the board's decision to hear the grievance despite its untimeliness.

In short, defendant has failed to show that it is entitled to any discovery in order to respond to plaintiff's complaint. Accordingly, its motion for discovery will be denied and the case will be set for a scheduling conference before the magistrate judge in the hopes that it may be resolved promptly.

ORDER

IT IS ORDERED that the motion of defendant Statz Painting & Decorating, Inc. to conduct discovery on the motion to enforce the Joint Trade Board award against defendant filed by plaintiff Painters & Allied Trades District Council No. 7 is DENIED. The case will be set for a prompt scheduling conference before the United States Magistrate Judge.

Entered this 6th day of September, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge